The defendant was indicted and convicted for theft of property in the second degree. Alabama Code 1975, Section13A-8-4. Sentence was four years' imprisonment.
The defendant contends that his written confession was coerced and involuntary and therefore should not have been admitted into evidence. We agree.
The defendant was a manager-trainee at the Volume Shoe Store in Dothan, Alabama. Jeanie Putnan, the manager of the store, suspected the defendant of stealing money from the cash register. She began a check on the defendant and on five days determined that money was missing from the register after the defendant had operated and been in charge of the register.
Ms. Putnan contacted Lenard Alvin Richardson, District Supervisor of Volume Shoe Corporation. In a room in back of the store, Ms. Putnan and Richardson questioned the defendant who initially denied any wrongdoing. Ms. Putnan testified that the defendant changed his story and admitted taking the money after he was told that, if he did not admit it and sign a written confession of guilt, the police would be called.
Richardson testified that he asked the defendant if he had taken money. When the defendant denied it, Richardson told him that he had proof. After this the defendant confessed but refused to give a written statement of his wrongdoing in the store since his employment. Only after this refusal did Richardson threaten to have the defendant arrested and prosecuted if the defendant did not give the written statement.
 "THE COURT: Okay. Let me get one thing clear. You tell the Court and the Jury that he orally confessed to have taken the money to you. And then you asked him to write the statement down. And, he balked at that or refused to do it and it was at that time that you said you were going to call the police if he did not make a written statement? Is that correct?
"THE WITNESS (Richardson): That is right."
Richardson admitted that he intended to call the police whether or not the defendant made the written statement. Richardson testified that he was going to prosecute the *Page 764 
defendant and "just wanted to get an admission of guilt." Prior to taking the statement, Richardson had had no contact with the police.
During the hearing on the motion to suppress the defendant did not testify or put on any evidence. After the State had rested its case the defendant testified and denied taking any money. He stated that during the time he was working for the Volume Shoe Store he was on probation from a forgery conviction. He testified that he only admitted taking the money after Richardson promised not to prosecute and call the police if he would admit his guilt. Since the defendant was on probation, he thought "that would be the easiest way to keep from being in trouble."
In rebuttal, Ms. Putnan testified that she did not learn that the defendant had been convicted of a felony until the day of his arrest.
The constitutional rights of Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are not required to be given in order to prove the voluntariness of a confession when the confession is made to a person who is not an officer of the law. Robinson v. State, 45 Ala. App. 74, 224 So.2d 675
(1969). Therefore, both the oral and written confessions were admissible if voluntary despite the fact that the defendant was not warned of his "Miranda rights" before questioning.
However, "(f)or a confession to be impermissible by reason of its being induced by an improper promise, it is not absolutely necessary that the promisor be an officer of the law." Allen v.State, 53 Ala. App. 66, 73, 297 So.2d 391, cert. denied,292 Ala. 707, 297 So.2d 399 (1974). See also C. Gamble, McElroy'sAlabama Evidence, Section 200.06 (3rd ed. 1977).
In this case, it is clear that the written confession should not have been admitted. The rule is that "(a) confession is not admissible if it was induced by a promise that accused would not be prosecuted or would be released if he confessed."McElroy, Section 200.07 (6). The conviction in Murphy v. State,63 Ala. 1 (1879), was reversed because the trial court erroneously admitted the confession made after a clerk of the burglarized store told the accused that, if he confessed, he would not prosecute him or appear as a witness against him. See other cases cited at McElroy, Section 200.07 (6).
It is equally as clear that from Mr. Richardson's testimony that he did not make any promises to the defendant until after the defendant had orally admitted his guilt, the trial judge could have properly found the oral confession to have been voluntary.
The issue then becomes whether the admission of an involuntary written confession constitutes harmless error where an oral confession has been properly admitted into evidence. This Court addressed this issue in Price v. State, Ala.Cr.App., 393 So.2d 1242 (1980).
 "`Where there is one confession by a defendant properly admitted into evidence and there was strong corroborative evidence of the guilt of the defendant, the admission of another confession, even though it should have been excluded upon objection, is harmless error.' Kelley v. State, 366 So.2d 1145, 1150
(Ala.Cr.App. 1979) citing Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). The facts and circumstances of each individual case must be examined to determine whether or not the admission of the illegal evidence prejudiced the defendant. Klemmer v. State, 51 Ala. App. 383, 286 So.2d 58, cert. denied, 291 Ala. 786, 286 So.2d 62, cert. denied, 416 U.S. 957, 94 S.Ct. 1972, 40 L.Ed.2d 308
(1974); Cork v. State, 50 Ala. App. 670, 282 So.2d 107
(1973); Myers v. State, 40 Ala. App. 617, 119 So.2d 602 (1960); Minirth v. State, 40 Ala. App. 527, 117 So.2d 355, cert. denied, 270 Ala. 228, 117 So.2d 360
(1960). In some cases it may be impossible to avoid the conclusion that a written confession was accorded greater weight by the jury than was the oral one even though the oral confession was identical in all material facts with the written one. *Page 765 People v. Garofolo, 415 N.Y.S.2d 810, 46 N.Y.2d 592, 389 N.E.2d 123 (1979). In others, harmless error may exist even though the objectionable statement conflicts with the defendant's testimony at trial. People v. Webb, 83 Cal.App.3d 83, 147 Cal.Rptr. 608
(1978). In still other cases, the erroneous admission of a confession may constitute a sufficient basis for a reversal even if the evidence, absent the confession, establishes a prima facie case against the defendant. Chunn v. State, 339 So.2d 1100
(Ala.Cr.App. 1976)."
In Webb, supra, the California court held that any error in admitting an exculpatory statement by the accused was harmless beyond a reasonable doubt even though the statement was inconsistent with the accused's trial testimony, where the statement was only cumulative of another statement the accused had previously volunteered. In so holding, the court noted:
 "We observe in passing that in no event was reversible error committed. Since the statement was not a confession, its erroneous admission is not reversible error per se; rather, the test is that `the People (must) show beyond a reasonable doubt that the error complained of did not contribute to the verdict (citations).'" Webb, 147 Cal.Rptr. at 614.
In People v. Garofolo, supra, the New York court held that the introduction of an involuntary written confession following the prior introduction of an untainted oral confession was error prejudicial to the accused.
 "But the People contend that, because the untainted oral confession was identical in all material respects with the written one, it was not error to have failed to suppress the latter. We do not agree. It is well-nigh impossible to avoid the conclusion that the written version was accorded greater weight by the jury than was the oral one (see People v. Donovan, supra, 13 N.Y.2d [148] p. 153, 243 N.Y.S.2d [841] p. 844, 193 N.E.2d [628] p. 630). As witness the rules relating to parol evidence and the Statute of Frauds, written documents, especially those signed by the parties to be charged, are commonly understood, even if sometimes undeservedly, to evince a degree of deliberation and authenticity not generally associated with oral proof of the same events (see, generally, 9 Wigmore, Evidence Section 2454). This is not a preference confined to the legal mind alone. Serious written materials, in book form or otherwise, ordinarily are looked at as more reliable than their more evanescent oral counterparts, which are so much more often subject to the vagaries of memory and narration. So, when coupled with a confirmatory writing, even an oral settlement takes on added credibility. Thus, by reiterating and, hence, corroborating the substance of oral confession, the written statement may well have erased whatever doubts the jury entertained concerning the credibility of the witnesses upon whom the People had to rely to prove the contents of the unwritten one." Garofolo, 415 N.Y.S.2d at 815, 46 N.Y.2d 592, 389 N.E.2d 123.
In this case we need not and do not hold that the erroneous denial of a motion to suppress a written confession can never be considered harmless error, notwithstanding the introduction at trial of a prior untainted oral confession. We do hold that in this case the admission of the written confession was error prejudicial to the defendant.
Here the written confession contained information not admitted in the oral confession. The oral confession was merely an admission of guilt. The written confession specified the days on which the money was taken and the amount taken on each day. Because of this additional information, we cannot declare that the error in the admission of the written confession was harmless beyond a reasonable doubt.
The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges Concur. *Page 766