SHORES, Justice.
This is an appeal from an order permanently enjoining the sheriff and other law enforcement officers from instituting charges or arresting employees of Albert-son’s for operating businesses on Sunday in alleged violation of § 13A-12-1, Code 1975, the Sunday Blue Laws.
The trial judge found that the legislation was so vague, ambiguous and uncertain that it is impossible of uniform interpretation by persons of reasonable intelligence. He also found that the attempted enforcement of the law as to Albertson’s amounted to an unequal, invidious and discriminatory enforcement of the law which deprived Al-bertson’s of its property rights and of the equal protection and due process of law guarantees of the Constitutions of the United States and the State of Alabama. We need not again address the issue of the constitutionality of the Sunday Blue Laws on their face, because the record supports without question a finding that their application to Albertson’s amounted to an unequal, invidious, and discriminatory enforcement of the law as to it. On this basis, the judgment of the trial court is affirmed.
On two successive Sundays, Albertson’s manager and assistant manager were arrested for violation of the Sunday Blue Laws. Albertson’s then filed this action seeking an injunction. After a full hearing, the trial court entered the order appealed from.
The sheriff testified that he cannot interpret and apply the laws uniformly. Although the evidence shows that there are literally hundreds of businesses which operate on Sunday in violation of the law, the sheriff testified that in the fourteen years he has been sheriff, he and his deputies had made only about eight arrests and, except for the Albertson’s arrests, no other arrests for violations had been made during the past five years. The mayor of Dothan testified that the city had adopted all the misdemeanor statutes of the State of Alabama as ordinances of the city, but neither he nor the police chief of the city could interpret the laws and enforce them fairly and uniformly. The mayor testified that the city police department had made one arrest in the last several years, but that was “thrown out,” and the city had not made any more arrests. The sheriff, mayor, chief of police, and district attorney had had meetings about enforcing the laws, and “we felt like the best way to handle it was that we would enforce the law if the citizens would come in and get the warrant; we felt like that was the best way to do it. In other words, we decided that instead of doing the thing on our own at that particular time, that we would just let the citizens come in and file a complaint and get a warrant. Then we would enforce the law that way.”
There was further testimony that attention focused on Albertson’s after it ran some newspaper advertisements indicating that it would be open on Sundays.
Albertson’s is licensed to operate a drug store, a delicatessen and restaurant, a convenience store, and a grocery store. It is entitled to operate a grocery store on Sunday by Act No. 365, passed by the 1976 legislature, if it employs no more than four employees. It contended that it was employing no more than four employees in its grocery operation on the Sundays involved, but the court found otherwise. In view of the decision reached by the trial court and our holding here, that issue need not be addressed.
In a case strikingly similar on the facts, the Court of Criminal Appeals reversed a conviction for violation of the Sunday Blue Laws in Simonetti v. City of Birmingham, 55 Ala.App. 163, 314 So.2d 83 (1975), holding that the unequal enforcement of the law offended the equal protection clause of the *914 Constitution of the United States. There, the court found, as the trial court has in this case, that the city did not enforce the Blue Laws equally, but instead had a pattern of not enforcing them on a nondiscriminatory basis. The Court of Criminal Appeals quoted with approval an opinion by Judge Pointer, United States District Judge for the Northern District of Alabama, in a case brought by Lawhon Furniture Company, alleging discriminatory enforcement of the Sunday closing laws by the Jefferson County Sheriff’s Department. Judge Pointer said:
“The question then, becomes, in order to make out the case, must the plaintiff prove [an] intentional sort of malicious discrimination and enforcement, or is it sufficient if the plaintiff proves that whatever the reason or justification, nevertheless in actual fact it works out unequally and invidiously toward him or it. I think it is the latter. And if the Sheriffs Department, as I’m convinced under the evidence, cannot fully enforce this type of law throughout the entire county on a completely equal basis, then it should not be permitted to let its forces be directed as against one particular company in effect unequally, that is what it turns out to be, and again not from any intent to harm, but simply as the sheer result of the fact that there are other items, much more important that the Sheriff’s Department could be doing ultimately than dealing with the victimless crime involving a number of its patrol cars in this type of investigative work. * * * Either you have got to do it more equally than you have done ... or not do it.”
55 Ala.App. at 172, 314 So.2d 83.
We think Judge Pointer is correct and agree with his reasoning.
As the Court of Criminal Appeals noted in Simonetti, a statute may be constitutional, and yet run afoul of the Constitution if it is unevenly applied. In Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), the Supreme Court of the United States addressed this principle:
“Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.”
The evidence in this case falls squarely within the above prohibition. Therefore, we affirm the trial court’s holding that Albertson’s rights under the Constitutions of this state and the United States were violated by the unequal enforcement of the Sunday closing laws by the defendants in this case. So long as the law is unevenly enforced in Houston County and in the city of Dothan, the injunction granted by the trial court is due to remain in place.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, and BEATTY, JJ., concur.