PER CURIAM.
This is a divorce and child custody case.
In August 1984 the wife filed a petition in the Baldwin County Circuit Court for a divorce. At or about the same time the wife’s sister filed a petition in the District Court of Baldwin County to obtain tempo *926 rary custody of the parties’ three minor sons.
Subsequently, the two actions were consolidated, and ore terms proceedings were held in the circuit court in October 1984, at which time both parties were represented by legal counsel. Following those proceedings, the circuit court entered an order in November 1984, granting temporary custody of the parties’ three children to the wife’s sister. No appeal was taken from that order.
In November 1985 a final hearing was held regarding the parties’ divorce action. The husband failed to appear at that hearing, but testimony was given by the wife. The circuit court thereafter rendered a judgment divorcing the parties. No further determination was made at that time regarding the custody of the parties’ children.
The husband filed a motion for a new trial or to set aside the divorce decree of November 1985. After the denial of that motion, the husband appealed to this court.
We affirm.
The husband, acting as his own legal counsel, has attempted to present this court with no less than eleven issues for our review on appeal. His voluminous brief far exceeds the page limitations for appellate briefs set by Rule 28(g), Alabama Rules of Appellate Procedure. Nevertheless, giving deference to the fact that the husband is acting 'pro se, we have carefully reviewed his brief and the points he has raised.
After such careful review, we must conclude that none of the matters raised by the husband are properly before this court.
At least three of the issues, specifically those issues numbered one, four, and five, raised by the husband concern his contention that a guardian ad litem should have been appointed to represent the interests of the wife, who he contends is non compos mentis. Our review of the record does not indicate that during any of the proceedings below did the husband contend that a guardian ad litem should be appointed for his wife.
The law is well established that an issue not raised at trial cannot be raised for the first time on appeal. Adams v. City of Dothan Board of Education, 485 So.2d 757 (Ala.Civ.App.1986). Therefore, this court will not rule upon those issues raised by the husband concerning the appointment of a guardian ad litem for the wife.
We would note, however, that, if there was any error on the part of the trial court in not appointing a guardian ad litem for the wife, such would have affected the wife’s interests, not those of the husband. Frankly, we see no basis for the husband’s contentions in this regard.
We find that those issues which the husband has numbered two and three in his brief were also not raised at any point during the course of the proceedings below. Therefore, we will also decline to address those issues for the first time on appeal. Adams, 485 So.2d 757; McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985).
We must comment, however, that we have great difficulty in understanding the husband’s contentions which he has attempted to set forth in his argument of issues two and three. It appears to this court that the husband does not fully understand the role of his attorney during the course of the proceedings below. If the husband was not happy with his legal representation during those proceedings, then he should have sought other counsel at that time. Certainly, this court is not the forum in which to address such problems.
Finally, we find that most of the husband’s contentions concern the temporary custody order of November 1984 and the ore tenus proceedings preceding that order. It appears that those issues numbered six through ten deal exclusively with the 1984 proceedings and judgment and that issue eleven partially concerns the 1984 proceedings.
Rule 4(a)(1), A.R.A.P., requires an appellant to file his notice of appeal within forty-two days of the entry of the judgment or order from which he appeals. The husband’s appeal, which was not filed until April 1986, is too late insofar as it concerns *927 the 1984 order and proceedings, and, therefore, those contentions which concern the 1984 order and proceedings are not properly before this court and will not be addressed.
We find that the husband s issue eleven does at least partially concern the November 1985 divorce decree and proceedings. The husband apparently contends that the trial court erred in allowing hearsay testimony at that time. As already noted, the husband failed to appear for that hearing either in person or through counsel, and only the wife gave testimony. Because he was not present at the proceedings, he failed to make a timely objection to any hearsay testimony which the wife might have given. His objection for the first time on appeal — as with so many of his contentions — comes too late. See Brothers v. Brothers, 351 So.2d 924, 925 (Ala.Civ.App.1977).
In conclusion we would note that it is apparent to this court that the husband has labored long and hard to represent himself in this appeal, but, nevertheless-, we can only review issues which are properly before the court.
We are keenly aware that a divorce is a hard and traumatic event in the lives of the spouses, as well as their children. There comes a time, however, when the parties must put the past behind them and get on with their lives. We hope that the parties to this appeal will make every effort to do so.
The appellee has requested an attorney’s fee for representation on appeal. After careful consideration we find that this request is due to be denied.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.