This is a student expulsion case.
After a hearing before the Henry County Board of Education (Board), Jeremy Scoggins (student) was expelled from Abbeville High School. The student then filed a petition in the Juvenile Court of Henry County, contending in the main that the expulsion was improper. After an ore tenus hearing, the juvenile court found that the expulsion of the student was justified and supported by the evidence and denied the student's petition.
The student appeals. We affirm.
The dispositive issue on appeal is whether the juvenile court erred to reversal in upholding the Board's order expelling the student from school.
After a careful review of the record, we find that the following is pertinently revealed.
In a period of less than three years, the student has been referred to the principal's office on approximately twenty occasions. The reasons listed for some of these referrals are talking disrespectfully to teachers, not doing classwork, disrupting classes, arguing with other students, being tardy to class, hitting and pushing other students, and becoming belligerent. Different attempts to deal with the student's behavioral problems ranged from counseling, reprimand, in-school suspension, out-of-school suspension, corporal punishment, and probation to expulsion.
The record also reveals testimony concerning several incidents between the student and teachers. One such incident occurred at the end of the student's junior year. The student came into a classroom and "loudly and angrily" approached a teacher. The confrontation resulted in the teacher's being knocked against the chalkboard.
Another incident, involving the student's refusal to sit in his assigned space, occurred at the beginning of the student's senior year. The teacher began to fill out a report form, at which time the student snatched the form from the teacher and threatened her by saying, "If you write me up, I'll get you." *Page 101 
After this threat to a teacher, the student was referred to the superintendent's office for an administrative hearing. Following this hearing, the student was placed on probation and was notified in writing that any further conduct and disruptive behavior would result in suspension and charges brought before the Board.
The record reveals testimony concerning other incidents occurring after the student was put on probation. After one such incident, the teacher requested that the superintendent's office not be notified of the problem and that she be given permission to talk with the student and his parents. The record reveals, however, that, prior to the teacher's talking with the student, another incident had taken place.
This final incident involved a physical attack upon a fellow student. The student slapped the other student in the face. The testimony revealed that the slap caused the other student to "slam" into the lockers that were against the wall. At this time the principal placed the student on suspension and recommended to the Board that the student be permanently expelled.
The student and his parents were notified by certified mail that a disciplinary hearing would be held before the Board due to the student's violation of his probationary status. The letter set out the time and place for the hearing and informed the student of his right to be present at the hearing, to examine witnesses, to submit evidence, to be heard in person, and to be represented by counsel.
As noted above, a hearing was conducted, and the Board voted unanimously to expel the student permanently from the Henry County School System. Further, after an ore tenus hearing before the juvenile court, the Board's order expelling the student was upheld.
At the outset we point out that, where a trial court hearsore tenus testimony, its findings are presumed correct and will not be disturbed on appeal unless the trial court was plainly and palpably wrong. Carroll v. City of Dothan Board ofEducation, 510 So.2d 246 (Ala.Civ.App. 1986).
Further, in cases such as the one before us now, it is well established that school boards and officials have comprehensive authority within constitutional bounds to maintain good order and discipline in school. Adams v. City of Dothan Board ofEducation, 485 So.2d 757 (Ala.Civ.App. 1986). Additionally, it is clear that our case law has recognized the inherent authority to expel students when necessary to maintain order and discipline in the schools. Adams, 485 So.2d 757.
We would further note that school disciplinary matters are best resolved by the local community school boards and officials and that courts should supersede only when the school board's actions are clearly unconstitutional. Adams,485 So.2d 757. This court will not review or revise school board disciplinary actions except in the rare case where there is a shocking disparity between the offense and the penalty. Adams,485 So.2d 757. We will not question the wisdom of those entrusted with the duties of enforcement, as these matters are the prerogative of the school administrators rather than the courts. Davis v. Ann Arbor Public Schools, 313 F. Supp. 1217
(E.D.Mich. 1970).
Here, the measures taken by the Board may appear drastic. However, the Henry County School system was presented with a situation of recurring disorder, which, as noted above, it had attempted to deal with in numerous, less drastic ways. The record is clear that the student had a history of behavioral problems which disrupted the orderly routine of the school on a day-to-day basis. Therefore, based on the student's history of disciplinary problems, coupled with a threat to a teacher and a physical attack on another student, we cannot find a shocking disparity between the offense and the penalty so as to require reversal.
In view of the above, we agree with the juvenile court that the expulsion of the student was fully justified and supported by the evidence. *Page 102 
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.