RUSSELL, Judge.
This is an appeal from a finding by the District Court of Houston County, Juvenile Division, that A.S. (appellant) was subject to the jurisdiction of the Dothan City School Board (Board), which found her to be in violation of the school’s code of conduct. As a result, the Board suspended the appellant for a ten-day period and further required that she attend the city’s Alternative School for a period of six weeks.
On September 29, 1989, the appellant was found on the front seat of a vehicle parked in a parking lot adjacent to Rip Hewes Stadium, which, at that time, was the site of a high school football game. A Dothan city police officer reported that the appellant was apparently unconscious and that she had cuts and bruises on her head. The officer also found evidence of alcohol in the vehicle in which the appellant was located. After being transported to a local hospital for medical attention, the appellant was released to the custody of her parents.
*1248 While investigating a report concerning the events of that evening, the principal of the appellant’s high school requested a copy of the offense report from the local police department. That request was denied. Subsequently, a representative of the Board contacted Judge William D. McFatter and requested his assistance in obtaining a copy of the report. Judge McFatter then contacted the director of the Houston County Juvenile Court Services and instructed him to release the requested information. The director complied with the judge’s instructions on October 2, 1989.
Following a hearing conducted by Juvenile Court Services, the director again contacted the principal of the appellant’s school and reported that she had acknowledged possession of alcohol on the night in question. These reports served as the basis for her suspension.
We find the dispositive issue to be whether the juvenile court committed error by releasing information pertaining to the appellant’s arrest because no hearing was conducted by the court to determine that the Board had a legitimate interest in such a report. The appellant asserts that, because she was not a party before the court at the time of its order, she was denied an opportunity to present evidence which would have contradicted the Board’s contentions that it, in fact, had an interest in having the information released to it. We disagree.
Initially, we note that, where a trial court hears ore tenus testimony, its findings are presumed correct and will not be disturbed on appeal unless the trial court was plainly and palpably wrong. Carroll v. City of Dothan Board of Education, 510 So.2d 246 (Ala.Civ.App.1986).
Furthermore, the procedural question of whether § 12-15-101, Ala.Code 1975 (Repl.Vol. 1986), requires a judicial action prior to the release of otherwise confidential juvenile records is one never before addressed by this court. That section states in pertinent part:
“(a) The court shall, by rule, require all law enforcement agencies to take special precautions to insure that law enforcement records and files concerning a child will be maintained in such manner and under such safeguards as will protect against disclosure to any unauthorized person....
“(b) Inspection of such records and files shall be permitted only to the following:
[[Image here]]
“(3) Any other person, agency or institution, by order of the court, having a legitimate interest in the case or in the work of the law enforcement agency....”
We find that the juvenile court did have authority to order the release of the requested information to the Board. The language of the statute granting the juvenile court the authority to order the release of juvenile records does not mandate that a hearing first be held prior to such a release. Nor does it require the filing of a petition or pleading. Rather, the statute vests the court with the discretion to order the release of information based on its determination that the requesting party has a legitimate interest in the information sought.
Here, the record reveals that the juvenile about whom information was sought was in the parking lot adjacent to a football stadium where a game was being played by a team representing her school. Clearly, that game was the attraction that led to her being present at that site.
Furthermore, because it was a school function, the Board had a legitimate interest in ensuring the safety of the attendants, as well as in governing the behavior of its students. It is well established that school boards and officials have comprehensive authority within constitutional bounds to maintain good order and discipline among their students. Adams v. City of Dothan Board of Education, 485 So.2d 757 (Ala.Civ.App.1986).
Consequently, we find that the Board did have a legitimate interest in the information it sought regarding the appellant. Therefore, it was not error for the juvenile *1249 court to order the release of information regarding the appellant.
Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.