ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal arises from the permanent expulsion of a thirteen-year-old child from the Simmons Middle School in the Hoover City School system.
In November 1990 the child admitted to the school principal and assistant principal that he had brought a handgun and two bullets onto the school campus two days earlier. Possession of a weapon on school property is a violation of school regulations.
The principal subsequently suspended the child pending a conference before the school superintendent’s discipline panel. When the panel convened on the matter, the child and his mother attended and were heard regarding the offense. Following the conference, the eleven members of the panel voted to recommend to the superintendent that the child be expelled. That recommendation was appealed by the child to the superintendent, and a hearing was held. Ultimately, the superintendent recommended to the Hoover City Board of Education (Board) that it consider expelling the child.
After a hearing the Board voted to expel the child. The child and his mother (as mother and next friend) filed a petition in juvenile court pursuant to § 12 — 15—30(c)(2), Code 1975, asking that the child’s expulsion be set aside and that he be readmitted to public school. The petitioners alleged that the Board’s action had violated the child’s constitutional rights to procedural and substantive due process, as well as his right to equal protection. The petitioners also argued that permanent expulsion was unreasonable and thus was in violation of Alabama’s compulsory education laws.
Following an ore tenus proceeding, the juvenile court entered judgment upholding the action of the Board. This appeal followed.
*139 In its order, the juvenile court found that the child’s “rights” had not been infringed upon “in the proceedings” which resulted in his expulsion. The court implicitly found that it did not have jurisdiction to consider whether the decision by the Board to expel was right or wrong.
The juvenile court’s jurisdiction in this matter was established in 1990, through an amendment to § 12-15-30, Code 1975. The statute provides in pertinent part:
“The [juvenile] court shall have original jurisdiction in proceedings:
[[Image here]]
“(2) Where it is alleged that a child’s rights are improperly denied or infringed in proceedings resulting in suspension, expulsions or exclusion from a public school.”
§ 12-15-30(c)(2).
During the hearing on this matter, the juvenile court pointed out that it had not previously tried a case under the amended statute and expressed its uncertainty concerning the extent of its powers in such a case. The court indicated that the statute limited its review authority to only the constitutional issues, and expressed its intent to consider only those issues when making its judgment.
We do not believe that the amended statute is so restrictive of the juvenile court’s authority. As stated, the juvenile court must determine whether the child’s rights have been infringed upon “in proceedings” resulting in his expulsion. In doing so, the juvenile court is not limited to merely reviewing the Board’s hearing for procedural flaws; it must also determine whether the substance of the proceedings has resulted in infringement upon rights conferred upon the child by this state. Certainly, an unreasonable expulsion may infringe upon a child’s rights as irrevocably as a violation of procedural due process. The juvenile court exercises original jurisdiction over these issues and thus is not limited only to a review of constitutional issues arising from the Board’s action.
In this case, the petitioners have alleged that, as a result of the Board’s proceedings, the child’s right to a public education in Alabama has been infringed upon. Section 16-28-3, Code 1975, provides that every child between the ages of seven and sixteen years shall be required to attend a public school, private school, church school or to be instructed by a competent private tutor for the entire length of the school system. We have held that this statute creates an entitlement to education in this state for children under the age of sixteen. Adams v. City of Dothan Board of Education, 485 So.2d 757 (Ala.Civ.App.1986).
This entitlement does not allow the child to escape the consequences of misconduct in a public school, nor does it contradict the inherent authority of a school board to maintain order and discipline in public schools. Adams; Scoggins v. Henry County Board of Education, 549 So.2d 99 (Ala.Civ.App.1989). However, a child’s right to education may be improperly infringed upon when a school board takes disciplinary action that is unreasonable or arbitrary. Adams; Lee v. Macon County Board of Education, 490 F.2d 458 (5th Cir.1974).
In Adams we found that the limited expulsion of a child under the age of sixteen was not unreasonable and thus did not violate Alabama’s compulsory education law. In Scoggins, we upheld the permanent expulsion of a high school senior where the school had exhausted all lesser measures of discipline. However, the student had a three-year history of serious misconduct, including violence toward teachers, and was past compulsory school age. In both of these cases, the age of the students, their past history of behavior and school performance, and the actual disruptive effects of their conduct were all factors that were considered in determining whether the actions of the school boards were reasonable. We have not been confronted with a case where a child of compulsory school age is permanently expelled from a public school system. We do note that this is the most extreme punishment that a school board can impose and that it can result in the student’s exclusion *140 from other public school systems in the state.
This court has the authority to review or revise school board disciplinary actions in cases where there is a shocking disparity between the student’s offense and the punishment meted out to him. Scoggins. However, in this case we believe that an exercise of our authority is premature. After closely reviewing the record of the proceedings in the juvenile court and the court’s order, we are convinced that the juvenile court improperly limited itself to constitutional issues only. Therefore, we find that the juvenile court did not reach the issue of whether the Board’s action in permanently expelling the child from public school was reasonable, especially in light of the compulsory education law. We therefore reverse the juvenile court’s judgment and remand the case for further findings and conclusions on the substantive issues raised by the petitioners.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-'JL0(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.