CRAWLEY, Judge,
dissenting.
This court has observed that “school disciplinary matters are best resolved by the local community school boards and officials and ... courts should supersede only when the school board’s actions are clearly unconstitu *1331 tional.” Scoggins v. Henry County Board of Education, 549 So.2d 99, 101 (Ala.Civ.App.1989) (emphasis added). I dissent, because I do not believe the school board’s actions were clearly unconstitutional in this case.
V.M.H. had an unloaded air rifle locked in his car in the school parking lot. That action clearly violated § 440 of the Code of Conduct, which prohibits “[possession of any item which may be conceivably used as a weapon on a person or in a person’s ... vehicle.” Air rifles are included within the definition of “deadly weapon[s]” within our Criminal Code. The commentary to Ala. Code 1975, § 13A-1-2(11) explains:
“The definition [of ‘deadly weapon’] includes not only all firearms and ‘gunpowder’ weapons, regardless of size, but also such items as air guns and air pistols.”
(Emphasis added.)
The majority concludes that § 13A-1-2(11) is not helpful in determining whether an air rifle is a “weapon” for purposes of the student Code of Conduct because the language of the criminal statute is not the same as that of the school board regulation. I disagree. The criminal statute defines “deadly weapon.” Clearly, if an individual has fair warning that he may be subject to criminal liability for the possession of a deadly weapon if he has an air rifle, then he has more than adequate warning that he may be subject to school disciplinary procedures for the possession of “an item which may be conceivably used as a weapon” if he has an air rifle. Obviously, an object that is a deadly weapon “may be conceivably used as a weapon.”
V.M.H. argues (and the majority concludes, 660 So.2d at 1329) that the school board regulation is “unconstitutionally vague, overbroad, and ambiguous” because any number of innocuous items such as “a sharpened pencil, a set of chemistry supplies, a baseball bat, and a tennis racket, for example, could be used as weapons.” The generally accepted function of sharpened pencils, chemistry supplies, baseball bats, and tennis rackets, however, is noninjurious. The only function of an air rifle is as a weapon.
V.M.H. is not in a position to argue the vagueness or over-breadth of the regulation as it might apply to other parties, when the regulation is not vague as to him. See Kid’s Stuff Learning Center, Inc. v. State Dep’t of Human Resources, 660 So.2d 613 (Ala.Civ.App.1995); Kirby v. Mobile County Comm’n, 564 So.2d 447, 450-51 (Ala.Civ.App.1990). His possession of an item clearly included within the prohibition of the Code of Conduct gives him “no legitimate ground to complain that this [regulation] is unclear as to his conduct.” Hunt v. State, 642 So.2d 999, 1027 (Ala.Crim.App.1993), affirmed, 642 So.2d 1060 (Ala.1994) (emphasis in original).
“[B]ecause ‘[t]he essential purpose of the “void for vagueness” doctrine is to warn individuals of the criminal consequences of their conduct,’ Jordan v. De George, 341 U.S. 223, 230, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951), ‘[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness,’ Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974), ‘even though the statute may well be vague as applied to others,’ Aiello v. City of Wilmington, 623 F.2d 845, 850 (3d Cir.1980). Therefore, a defendant who challenges a statute on the grounds of vagueness ‘must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others.’ Aiello, 623 F.2d at 850 (emphasis added). Accord Rode v. Dellarciprete, 845 F.2d 1195, 1199-1200 (3d Cir.1988).”
Hunt v. State, 642 So.2d at 1027-28.
I do not believe the board denied V.M.H. due process of law by prohibiting mere possession of the air rifle. The board could fairly conclude that the air rifle presented a threat to school safety even though it was unloaded, even though it was in a locked car, and even though V.M.H. had no intent to use it. Seeing a weapon in the vehicle, someone else could have broken into the car and used the air rifle to frighten, coerce, or threaten a student. “The definition of a deadly weapon does not require that a firearm be loaded at the time of the offense.” Sumpter v. State, 480 So.2d 608, 614 (Ala.Crim.App.1985).
In my judgment, the school board could, without running afoul of any constitutional guarantees, properly decline to consider V.M.H.’s excuses (that the gun was unloaded, that it was in a locked car, and that he did *1332 not intend to use it) as defenses to the charge. Although the members of this court might personally believe the board should have considered those factors in mitigation of punishment, “this court will not review or revise school board disciplinary actions except in the rare case where there is a shocking disparity between the offense and the penalty.” Scoggins v. Henry County Board of Education, 549 So.2d at 101. The penalty V.M.H. received, six-weeks’ placement in the alternative school, does not rise to that level. This court should “not question the wisdom of those entrusted with the duties of enforcement, as these matters are the prerogative of the school administrators rather than the courts.” Id.