698 So.2d 131 (1996)
ENTERPRISE CITY BOARD OF EDUCATION
v.
C.P., By and Through Her Parents and Next Friends, J.P. and M.P.
2950913.
Court of Civil Appeals of Alabama.
November 1, 1996.
Rehearing Denied December 13, 1996.
Certiorari Denied June 13, 1997.
Kenneth T. Fuller of Cassady, Fuller & Marsh, Enterprise, for Appellant.
Jeff W. Kelley of Lindsey & Kelley, Elba, for Appellee.
Alabama Supreme Court 1960447.
MONROE, Judge.
The Enterprise City Board of Education appeals from the juvenile court's judgment permanently enjoining the school board from expelling C.P., an Enterprise High School student, for bringing a firearm on campus.
The evidence in the record suggests the following facts: On March 21, 1996, dogs trained to sniff for firearms and drugs were brought to Enterprise High School. One of the dogs "hit" on the car registered to C.P., a 16-year-old junior enrolled at the school. *132 She was summoned from class and a police officer asked her whether there was something in the car she needed to tell them about before they opened her car. C.P. told the officer that there possibly could be a gun under the front seat. Police searched the car and found a handgun under the driver's seat and a bottle of vodka and a can of beer under the front passenger's seat.
C.P. contends that her mother had left the gun in the car after she had driven it the night before. C.P. said her mother had told her that she sometimes carried a gun in the car, but that she did not know that the gun was in the car when she drove to school on March 21.
C.P. and her parents were notified that the school board was going to hold a hearing to consider expelling C.P. in accordance with state law and school policy. The family was present at the hearing, after which the board decided to expel C.P. for eight weeks. C.P. filed a petition for injunctive relief in the juvenile court. The court entered an order temporarily enjoining the school board from expelling C.P. The court held a trial on the merits, after which the juvenile judge entered an order permanently enjoining the school board from expelling C.P. for bringing a firearm on campus. The school board appeals.
In entering its judgment, the juvenile court found that C.P. was afforded procedural due process and that she had exercised her due process rights. The trial court reversed the decision of the school board solely on the ground that the eight-week expulsion imposed by the school board was "`shockingly' disparate to the offense." The school board argues that the trial court substituted its judgment for the opinion of the board, and this, the school board says, the trial court was not allowed to do.
Schools are no longer the safe havens they once were. With discouraging frequency, children are bringing weapons, including firearms, to school, and they are not hesitating to use those weapons to seriously injure or kill other students. David Carter, principal of Enterprise High School, testified that in the past couple of years, Enterprise High School had had instances involving students possessing firearms on campus. In an effort to ensure children's safety at school and at school-related functions, the state legislature enacted the following statute, which took effect August 7, 1995:
"(a) All city and county boards of education shall develop and implement local policies and procedures requiring the expulsion of students, for a period of one year, who are determined to have brought to school or have in their possession a firearm in a school building, on school grounds, on school buses, or at other school-sponsored functions. Notwithstanding the foregoing, city and county boards of education and the local superintendent of education of each board may modify the expulsion requirement for a student on a case-by-case basis."
§ 16-1-24.3, Ala.Code 1975. In response, on August 29, 1995, the Enterprise City Board of Education implemented a policy that requires the expulsion of any student for possession of a firearm.
We empathize with the school board and its need to implement a tough policy to control weapons on campus in its effort to ensure the safety of the students, faculty, and staff of its schools. We also empathize with C.P., who, apparently through an honest mistake, found herself violating school policy and state law. C.P. is now in her senior year of high school, and the uncertainty of her status throughout the pendency of this case surely has been as detrimental to her as if she already had completed the eight-week suspension imposed by the school board.
In reviewing school regulations and policies, courts are required to "give full credence to the role and purposes of the schools and of the tools with which it is expected that they deal with their problems, and careful recognition to the differences between what are reasonable restraints in the classroom and what are reasonable restraints on the street corner." Griffin v. Tatum, 425 F.2d 201, 203 (5th Cir.1970), quoting Judge Godbold's special concurrence in Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir.1968), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d *133 125 (1968). Courts have recognized the following:
"[S]chool disciplinary matters are best resolved by the local community school boards and officials, and ... courts should supersede only when the school board's and official's actions are clearly unconstitutional. Petrey v. Flaugher, 505 F.Supp. 1087 (E.D.Ky.1981). As stated in Lee v. Macon County Board of Education, [490 F.2d 458 (5th Cir.1974)], `judges [should not] review and revise school board disciplinary actions at will. Application is limited to the rare case where there is shocking disparity between offense and penalty.'"
Adams v. City of Dothan Board of Education, 485 So.2d 757, 761 (Ala.Civ.App.1986). See also, C.L.S. v. Hoover Board of Education, 594 So.2d 138 (Ala.Civ.App.1991).
Section 16-1-24.3 calls for a student's expulsion for one year if he brings a firearm on campus, and the policy adopted by the Enterprise City Board of Education also calls for a student's expulsion for bringing a firearm to school. The school board can modify the expulsion requirement on a case-by-case basis. It appears that the school board, in expelling C.P. for eight weeks rather than for a full year, did take into account the mitigating factors in this case.
Furthermore, while C.P.'s punishment might seem harsh, to allow the trial court to reverse the school board's decision and permanently enjoin the board from expelling C.P. undermines the school board's policy and state law banning weapons on school campuses. Guns have no place at school and are not allowed on school campuses. State law requires a school board to have a strict policy calling for the expulsion of any student who brings a gun on campus. The trial court's judgment reversing the decision of the school board sends a signal that the board's policy and state law will not be strictly enforced. Instead, it appears that some students will be able to violate school board policy and state law with impunity, but that others will be expelled from school for as long as one year for the same behavior. We do not believe the board acted arbitrarily or capriciously in reaching its decision. In light of the compelling interest the school board has in preventing students from bringing firearms onto school campuses, and in light of the board's decision to drastically reduce the possible punishment, we cannot say that there is "shocking disparity" between the offense and the punishment imposed by the board. Because we find no shocking disparity between the offense and the punishment, we hold that the trial court abused its discretion in entering the injunction.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, J., concurs.
CRAWLEY, J., concurs specially.
THIGPEN, J., concurs in the result only.
ROBERTSON, P.J., dissents.
CRAWLEY, Judge, concurring specially.
I concur. See my dissent in Dothan City Board of Educ. v. V.M.H., 660 So.2d 1328 (Ala.Civ.App.1995).
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent. Ala.Code 1975, § 12-15-30(c)(2) vests the juvenile court with jurisdiction over this case. That court heard evidence, ore tenus, and its determination is presumed correct unless plainly and palpably wrong. J.L.B. v. State Department of Human Resources, 608 So.2d 1367 (Ala.Civ.App. 1992); Matter of Young, 456 So.2d 823 (Ala. Civ.App.1984). The juvenile court found that an eight-week expulsion of a model student was not an appropriate penalty for an unintentional violation of a school board rule. After a careful review of the record in this case, I believe that the juvenile court's determination is supported by the evidence. I would therefore affirm.