SAM A. BEATTY, Retired Justice.
The Dothan City Board of Education (“the Board”) appeals from a judgment of the Juvenile Court of Houston County ordering the Board to readmit V.M.H. (“the student”) to regular classes at Northview High School on the grounds that he had not been afforded due process and equal treatment at a hearing before the Board. We affirm.
The Board adopted a Code of Student Conduct, which established rules and regulations governing the behavior of students in the school system. Violations of the Code were classified into four classes, ranging from minor (Class I) to severe (Class IV). Class IV offenses included the following in Section 440: “Possession of any item which may be conceivably used as a weapon on a person or in a person’s clothing, vehicle, possessions, locker, or items carried by that person.” Such offenses called for specific disciplinary action, including the “[(Initiation of procedures for an Administrative Hearing to consider expulsion or assignment to the Long-Term Alternative School.”
A school official saw an air gun, which was later identified as a Daisy Power Line 990 rifle (which operated either from pump action or carbon dioxide cartridges), in plain view inside the student’s locked car, while the car was parked on school grounds. The student was suspended pending an administrative hearing to determine any recommendation to the school superintendent. Subsequently, the principal of Northview High School notified the student and his mother that he was recommending that the student *1329 either be expelled or placed in Long-Term Alternative School.
The Board held a hearing in accord with the Code and in accord with Board policy. As a preliminary matter, with the student, his mother, and his counsel present, the Board established that all three understood the charges, and the student was told that he might call witnesses on his own behalf, that he might testify himself if he so chose, that he had the right to cross-examine other witnesses, and that he had the right to have his counsel present during the hearing.
After receiving evidence, including testimony from the student, the Board determined that he should be placed in the Long-Term Alternative School. The student appealed that ruling to the Juvenile Court of Houston County, contending, inter alia, that the Code provision in question was unconstitutionally vague, overbroad, and ambiguous; that he had been denied due process; and that he had been given unequal treatment. Following a hearing, the Juvenile Court found Section 440 of the Code, setting out the Class IV offense regarding bringing a weapon to school, to be arbitrary and unjust, and ordered the student readmitted to Northview High School.
The Juvenile Court determined that Section 440 “is almost impossible to reasonably interpret.” We agree. One may conceive, without difficulty, that a sharpened pencil, a set of chemistry supplies, a baseball bat, and a tennis racket, for example, could be used as weapons. The testimony in court established that, in fact, the air gun in question was unloaded and that no ammunition for it was found in the student’s car or on his person. Moreover, the police officer who investigated the incident testified that the unloaded air gun could not have been fired as a weapon.
The Board cites the statutory definition of a “deadly weapon,” found in § 13A-1-2(11), Ala.Code 1975, as authority for sustaining the Board’s interpretation here. Section 440 of the Code of Student Conduct does not use that statutory language, however. It uses the words “item which may be conceivably used as a weapon”; thus, the provisions obviously are not the same. A rule, regulation, or statute must be clear in order to be implemented without difficulty. Section 440 does not give proper notice about what conduct could be an offense, and, therefore, it is vague on its face. Furthermore, in this specific instance, the police officer’s testimony that without ammunition the air gun could not have been fired as a weapon at least poses the question whether the student should have known that his possession of it would trigger the penalties provided by the Code. Accordingly, we agree with the court below that Section 440 is ambiguous and vague and therefore fails constitutional muster. See Kerr v. State, 474 So.2d 142 (Ala. Crim.App.1984), rev’d on other grounds, Ex parte Kerr, 474 So.2d 145 (Ala.1985); McCrary v. State, 429 So.2d 1121 (Ala.Crim.App.1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983).
In addition to that lack of substantive due process, we find that the Board denied the student due process when it substituted for its own independent judgment that of the principal of the school. The Juvenile Court found:
“From the testimony and evidence presented, it appears that neither the Administrative Board [nor] the Board of Education considered this definitional problem [but] relied solely on the opinion of the principal as to whether this was a Section 440 violation....
“... It appears ... the issue of whether or not this was a weapon was decided by the principal and ... they presumed that the principal’s judgment was correct. This is not due process.”
The record supports that conclusion. Testimony from a member of the Board reflected the following:
“Q. So when you’re hearing it in your committee meeting, if somebody brought a knife to school you are going to consider it a weapon so as to fall under Section 440 of the Code of Conduct; is that correct?
“A. If it was brought to school, yeah.
“Q. For whatever purpose if it was brought to school?
“A. Because it’s not supposed to be on school premises.
*1330 “Q. What about Section 365 which falls under a Class 3 offense, which says possession of a small pocketknife on school campus?
“A. I guess that would have to be still a weapon as far as I’m concerned.
“Q. So as far as you’re concerned you’d charge it under a Class 4 and you would consider it a Class 4 offense if it came before you as a member of the Board of Education?
“A. I would consider it according to what the administrator classified the offense as.”
See Lee v. Macon County Board of Education, 490 F.2d 458, 460 (5th Cir.1974), wherein the Fifth Circuit held that the board’s failing to use its independent judgment, by simply following its practice of confirming the principal’s judgment, was a denial of due process.
We find from the record that at least one other student who possessed an item which might have been used as a weapon, specifically, a baseball bat, was charged under Section 440, but was not proceeded against because the item was not used as a weapon. This inconsistency between that case and this one is patent.
Finally, we reject the Board’s argument that the Juvenile Court was without jurisdiction. The student was ordered suspended for 10 days (although the suspension lasted only 2 days) pending an administrative hearing to determine a disciplinary recommendation. Section 12-15-30(e)(2), Ala.Code 1975, provides for original jurisdiction of the Juvenile Court “[w]here it is alleged that a child’s rights are improperly denied or infringed in proceedings resulting in suspension, expulsion or exclusion from a public school.” (Emphasis added.) Not only was this student suspended, but he was also excluded from Northview High School, i.e., he was denied further entry or admittance. To argue otherwise is to engage in sophistry. The court below clearly possessed jurisdiction in this matter.
We are fully cognizant of the fact that courts have given great deference to the authority of school boards, and this court does not want to be taken as interfering with the normal exercise of the Board’s authority. Nevertheless, when the basic constitutional rights of students are at issue, this court cannot avoid considering these constitutional rights when they are infringed by board action. The authority vested in school boards and officials to maintain order and discipline in school must be exercised within constitutional bounds. Adams v. City of Dothan Bd. of Educ., 485 So.2d 757, 759 (Ala.Civ.App.1986).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE, J., concurs specially.
CRAWLEY, J., dissents.