MONROE, Judge.
This is an appeal from a summary judgment in favor of the Board of School Commissioners of Mobile County (hereinafter “the Board”).
On June 2, 1998, Herman Finklea sued the Board, alleging that it had failed to adhere to its established policy for advertising new or vacant positions. Finklea requested equitable relief, asking that the trial court enter an order enjoining the Board from violating its policy concerning the advertising of positions; declaring four promotions void and invalid; and requiring the Board to hold those positions open, advertise them, and conduct interviews for them. On February 11, 2000, the Board *757 moved for a summary judgment. Finklea responded to the Board’s motion and filed a cross motion for summary judgment on March 16, 2000. The trial court issued an order on May 1, 2000, granting the Board’s motion for summary judgment and denying Finklea’s cross motion for summary judgment. Finklea appealed to the Supreme Court of Alabama, which deflected the case to this Court pursuant to § 12 — 2— 7(6), Ala.Code 1975.
The record indicates the following undisputed facts:
The Board has adopted a policy by which “[a]ll personnel vacancies and new positions are routinely advertised ... for at least five days.” Additionally, the Board’s policy regarding administrative vacancies states, in pertinent part, as follows:
“As specific administrative vacancies occur or are anticipated, they shall be posted by title and location for employees and the general public through the Department of Human Resources, provided however, that in order to maintain a pool of applicants, generic postings shall occur from time to time. Unless time permits and it is feasible, it is not required for a position to be posted specifically if that position was created by the recent promotion or transfer of an individual. In the latter situation, the Department of Human Resources may rely on the pool of applicants existing from General Letters of Application.”
Before July 1997, Jake Laffitte and Louise Smith were employed by the Board as director of classified personnel and director of certified personnel, respectively. When their immediate supervisor retired, the superintendent decided not to fill the vacant position, because he felt it was a waste of taxpayers’ money. Instead, the duties of that position were divided between Laffitte and Smith. To compensate Laffitte and Smith for their additional duties, the Board upgraded them to the positions of executive director of classified personnel and executive director of certified personnel; those classifications called for a greater salary on the Board’s salary schedule. Aside from the additional duties that had previously been performed by their former supervisor, Laffitte and Smith’s job duties did not change.
During that time, Kim Brown was the coordinator of elementary education and Veronica Rogers was the coordinator of secondary education. For the purpose of providing Brown and Rogers with a pay raise, the Board approved the reclassification of their positions to the level of director, at its December 10, 1997, meeting. There was no change in their job duties.
Finklea is employed by the Board as the supervisor of vocational education. During his deposition, Finklea agreed that, in essence, the only difference between the old and new positions of these four employees was that the new positions paid more. He further agreed that the promotions of these four persons were made merely in an attempt to provide them with higher salaries for the jobs they were already performing. Nevertheless, Finklea argues that these four positions should have been advertised in accordance with Board policy and that he should have been given an opportunity to apply for and seek the positions.
Under Alabama law, county boards of education are bound by their adopted policies and must follow them. Belcher v. Jefferson County Bd. of Educ., 474 So.2d 1063, 1068 (Ala.1985); Purnell v. Covington County Bd. of Educ., 519 So.2d 560, 562 (Ala.Civ.App.1987). However, the Board contends that, according to its interpretation, it has complied with the policy at issue. Finklea interprets the policy dif *758 ferently and argues that the summary-judgment in favor of the Board was improper because, he says, a question of fact existed as to the reasonableness of the Board’s interpretation of its policy. We agree.
When reviewing a summary judgment, an appellate court takes into account the same factors that the trial court considered. Dothard v. Alabama State Dep’t of Human Resources, 613 So.2d 353, 356 (Ala.1993). A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P.; Harvell v. Johnson, 598 So.2d 881, 882 (Ala.1992). The burden is upon the moving party to clearly show that there is no material fact in dispute, and the evidence is to be viewed most favorably to the nonmovant. Harvell, 598 So.2d at 882.
When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Fla., 547 So.2d 870, 871 (Ala.1989). No presumption of correctness attaches to the ruling of the trial court on a motion for a summary judgment. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993). Thus, appellate review of a summary judgment is de novo. Id.; Dothard, 613 So.2d at 356.
Although the parties agree upon the facts surrounding the Board’s application of its policy on these four occasions, they present conflicting evidence regarding the reasonableness of the Board’s interpretation of its policy. According to the Board, these four promotions fall within an exception to its policy requiring the advertisement of new or vacant positions. In support of this interpretation of the policy, the Board submitted the affidavit of John H. Holland, who has been a member of the Board since 1994 and who has served two terms as Board president. Holland states in his affidavit:
“I am familiar with the Board’s policies and procedures ... which require the advertising of vacant positions. It is my interpretation of this policy, as a Board member who has served on the Board since 1994, that the advertising requirements do not apply to [these] reclassifi-cations because no vacant positions were created. An express exception to the advertising policy addresses this situation, which states: ‘Unless time permits and it is feasible, it is not required for a position to be posted specifically if that position was created by the recent promotion or transfer of an individual.’ ”
Finklea contradicts the Board’s interpretation through the affidavit of Danny Goodwin, who has been a union representative for teachers in the Mobile County School System since 1988. In his affidavit, Goodwin states that the exception cited by Holland has been applied by the Board only in situations “where a principal has been promoted or transferred and the Board wanted to fill that vacant position without advertising by drawing from the pool of applicants which exists from the General Letters of Application.” Goodwin contends that “[t]his portion of the policy has never been used, to my knowledge, nor does it apply to filling a ‘new position’ *759 (which did not previously exist) or ‘vacancy’ without advertising the opening....”
Viewing this evidence in a light most favorable to the nonmovant, we conclude that a genuine issue of material fact exists as to whether the Board’s interpretation of the policy was reasonable. Therefore, the summary judgment was improper; that judgment must be reversed and the case remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., ' concur.