We granted the petition for certiorari review filed by the Board of School Commissioners of Mobile County (hereinafter "the Board"). We reverse the judgment of the Court of Civil Appeals, and remand the cause for the entry of an order consistent with this opinion.
In its opinion, the Court of Civil Appeals clearly and accurately stated the procedural history of this case and the undisputed facts:
 "On June 2, 1998, Herman Finklea sued the Board, alleging that it had failed to adhere to its established policy for advertising new or vacant positions. Finklea requested equitable relief, asking that the trial court enter an order enjoining the Board from violating its policy concerning the advertising of positions; declaring four promotions void and invalid; and requiring the Board to hold those positions open, advertise them, and conduct interviews for them. On February 11, 2000, the Board moved for a summary judgment. Finklea responded to the Board's motion and filed a cross motion for summary judgment on March 16, 2000. The trial court issued an order on May 1, 2000, granting the Board's motion for summary judgment and denying Finklea's cross motion for summary judgment. Finklea appealed to the Supreme Court of Alabama, which deflected the case to this Court pursuant to § 12-2-7(6), Ala. Code 1975.
"The record indicates the following undisputed facts:
 "The Board has adopted a policy by which `[a]ll personnel vacancies and new positions are routinely advertised . . . for at least five days.' Additionally, the Board's policy regarding administrative vacancies states, in pertinent part, as follows:
 "`As specific administrative vacancies occur or are anticipated, they shall be posted by title and location for employees and the general public through the Department of Human Resources, provided [,] however, that in order to maintain a pool of applicants, generic postings shall occur from time to time. Unless time permits and it is feasible, it is not required for a position to be posted specifically if that position was created by the recent promotion or transfer of an individual. In the latter situation, the Department of Human Resources may rely on the pool of applicants existing from General Letters of Application.'
 "Before July 1997, Jake Laffitte and Louise Smith were employed by the Board as director of classified personnel and director of certified personnel, respectively. When their immediate supervisor retired, the superintendent decided not to fill the vacant position, because he felt it was a waste of taxpayers' money. Instead, the duties of *Page 761 
 that position were divided between Laffitte and Smith. To compensate Laffitte and Smith for their additional duties, the Board upgraded them to the positions of executive director of classified personnel and executive director of certified personnel; those classifications called for a greater salary on the Board's salary schedule. Aside from the additional duties that had previously been performed by their former supervisor, Laffitte and Smith's job duties did not change.
 "During that time, Kim Brown was the coordinator of elementary education and Veronica Rogers was the coordinator of secondary education. For the purpose of providing Brown and Rogers with a pay raise, the Board approved the reclassification of their positions to the level of director, at its December 10, 1997, meeting. There was no change in their job duties.
 "Finklea is employed by the Board as the supervisor of vocational education. During his deposition, Finklea agreed that, in essence, the only difference between the old and new positions of these four employees was that the new positions paid more. He further agreed that the promotions of these four persons were made merely in an attempt to provide them with higher salaries for the jobs they were already performing. Nevertheless, Finklea argues that these four positions should have been advertised in accordance with Board policy and that he should have been given an opportunity to apply for and seek the positions."
Finklea v. Board of School Comm'rs of Mobile County, 824 So.2d 755, 756
— 57 (Ala.Civ.App. 2000).
The Board contends that it was not required to advertise any of the four positions at issue, because, as it interprets its policy, none of the positions involved filling a vacant position or filling a new position. The Court of Civil Appeals concluded that a genuine issue of material fact existed as to the reasonableness of the Board's interpretation of its policy, and, for that reason, reversed the summary judgment in favor of the Board. Finklea, So.2d at . In doing so, the Court of Civil Appeals erred.
A board of education must comply with the policies it adopts. Belcherv. Jefferson County Bd. of Educ., 474 So.2d 1063, 1068 (Ala. 1985). "This court and the trial court must give substantial deference to an agency's interpretation of its rules and regulations. Personnel Bd. of JeffersonCounty v. Bailey, 475 So.2d 863 (Ala.Civ.App. 1985)." Mobile CountyPers. Bd. v. Tillman, 751 So.2d 517, 518 (Ala.Civ.App. 1999). "It is well settled that `an agency's interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.' Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400,403 (Ala.Civ.App. 1985)." State Pers. Bd. v. Wallace, 682 So.2d 1357,1359 (Ala.Civ.App. 1996). An agency's interpretation of its own policy is controlling unless it is plainly erroneous. Brunson Constr. Envtl.Servs., Inc. v. City of Prichard, 664 So.2d 885, 890 (Ala. 1995). See also Peacock v. Houston County Bd. of Educ., 653 So.2d 308, 309
(Ala.Civ.App. 1994).
Under these well-established principles, the clearly dispositive issue is whether the Board's interpretation of its policy as not requiring it to advertise any of the four positions at issue in this case was reasonable. We conclude that it was, and that that interpretation certainly was not clearly erroneous. *Page 762 
The Board is required to advertise only when it is attempting to fill a vacancy or a new position. In 1997, Jake Laffitte and Louise Smith's immediate supervisor retired, creating a vacancy. However, the superintendent decided not to fill that vacancy. Instead, the duties of that position were divided between Laffitte and Smith, who also continued to perform their other duties. In order to compensate Laffitte and Smith for their additional duties, their positions were upgraded from "director" level to "executive director" level, thereby providing greater salaries. Considering these facts, it was reasonable for the Board to conclude that advertising for the positions was not required, because it was not filling a vacant or new position.
The positions held by Kim Brown and Veronica Rogers were reclassified from "coordinator" level to "director" level for the sole purpose of increasing their salaries; their job duties did not change. Clearly, it was reasonable for the Board to conclude that neither of these reclassifications involved the filling of any vacant or new position.
Therefore, we hold that the Court of Civil Appeals erred in reversing the judgment of the trial court. The judgment of the Court of Civil Appeals is reversed, and this cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.