[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2006
THOMAS K. KAHN
CLERK

No. 06-12005
Non-Argument Calendar
_____

D. C. Docket No. 05-00154-MC-2-CLS

DORIS DAWKINS,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY PERSONNEL BOARD,
RONALD SIMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(September 18, 2006)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Doris Dawkins, proceeding pro se, appeals the district court's order concluding that her complaints regarding a Reduction in Force ("RIF") were not grievable under Rule 15 of the Rules and Regulations of the Personnel Board of Jefferson County ("Personnel Board" or "Board). After review, we affirm.

## I. BACKGROUND

Dawkins is a former public employee of the Personnel Board of Jefferson County, Alabama. Created by the Alabama Legislature's "Enabling Act" in 1935, the Personnel Board is an independent government agency charged with administering the civil service system for public employees in Jefferson County, Alabama.

On July 8, 2002, after protracted employment discrimination litigation, the federal district court appointed Dr. Ronald R. Sims to be Receiver of the Personnel Board. The receivership order gave the Receiver the power "to hire, promote, demote, transfer, and remove subordinates as necessary." The order also gave the Receiver the authority to determine which matters are "grievable" under the Board's grievance procedures set forth in Rule 15. This determination of grievability is subject to review by the district court.

In December 2004, Dawkins learned that her position in the Personnel Board's Certification Department was being eliminated pursuant to a RIF, and that

she would be terminated on January 7, 2005. Dawkins filed a complaint in accordance with the grievance procedures set forth in Rule 15 of the Board's Rules and Regulations. In her complaint, Dawkins claimed that the RIF was unlawful because it did not appropriately apply seniority rights, that tenured employees like herself could have been transferred to other jobs within the Board, and that the RIF was a pretext for eliminating older employees. Dawkins also claimed that the notice she received violated RIF procedures under the Board's Enabling Act. In response, the Receiver determined that Dawkins's allegations were not grievable under Rule 15. The Receiver also stated that the RIF was an attempt to better organize the Board's departments, and was not a pretext for eliminating older employees.

On January 18, 2005, Dawkins sought review in the district court of the Receiver's determination that her allegations were not grievable. The Receiver responded that he and the Personnel Board consistently had determined that RIFs were not grievable under Rule 15. The magistrate judge issued a Report and Recommendation, concluding that Dawkins's allegations were not grievable under Rule 15. The magistrate judge found that the Board's Rule 15.4 limits the types of actions that are grievable under Rule 15, and specifically exempts matters "dealing with classification, pay, compensation, examination, leave, discipline, and related

3

<u>actions specifically set forth in these Rules</u>."  Because the Board's Rule 11.13 specifically addresses RIFs, the magistrate judge concluded that challenges to a RIF were excluded from the employee grievance procedures.

Over Dawkins's objection, the district court agreed that none of Dawkins's claims was subject to the Rule 15 grievance procedures, and dismissed the action with prejudice.  Dawkins timely appealed.[1]

## II. DISCUSSION

On appeal, Dawkins argues that the district court erred by concluding that her claims were not grievable under Rule 15.[2]  Rule 15 provides general grievance procedures for employees of the Personnel Board.  Pursuant to Rule 15.4, however, certain matters are specifically excluded from these grievance procedures, including "[m]atters dealing with Classification, pay, compensation, examination, leave, discipline, and related actions specifically set forth in these Rules."  Because the procedures governing a RIF are set forth in Rule 11.13, a challenge to a RIF

---

[1]Although this is a mixed question of fact and law, the parties do not dispute any relevant facts.  Thus, we review <u>de novo</u> the question of whether the district court correctly applied the law to the facts in determining that Dawkins's claims were not grievable.  See <u>Reynolds v. McInnes</u>, 338 F.3d 1201, 1211 (11th Cir. 2003).

[2]Dawkins raises several additional arguments that we do not address.  Dawkins argues that the Receiver elected to use a RIF to achieve an improper objective, that the RIF was not in compliance with the Personnel Board's rules, and that she had a grievable claim that she was terminated in retaliation for her grievance challenging the RIF.  The district court did not address these allegations, but ruled only on the threshold question of whether Dawkins's claims were even grievable under Rule 15.  Thus, we first consider whether the district court erred by concluding Dawkins's claims were not grievable under Rule 15.

could be excluded from Rule 15's procedures if a RIF is considered a "related action[] specifically set forth" in the Rules.

In this case, the Receiver determined that Dawkins's complaints about the RIF were not grievable under Rule 15. The Receiver has maintained throughout this litigation that because the procedures governing RIFs are set forth in Rule 11.13, they should not be addressed under the employee grievance procedures of Rule 15. Under Alabama law, this interpretation is entitled to "substantial deference" and must be upheld unless it is unreasonable. See, e.g., Ex parte Bd. of Sch. Comm'rs of Mobile County, 824 So.2d 759, 761 (Ala. 2001).

We conclude that the Receiver's interpretation of Rule 15 was not unreasonable. Rule 15.4 explicitly details that "in no event" shall actions "specifically set forth in these Rules" be admitted for adjustment under Rule 15. Rule 11.13 specifically addresses RIFs. Therefore, the district court did not err by sustaining the Receiver's determination that Dawkins's claims were not grievable under Rule 15.

**AFFIRMED.**