THOMPSON, Presiding Judge.
 

 The Monroe County Board of Education (“the Board”) appeals from a judgment of the Monroe Juvenile Court (“the juvenile court”) reversing the Board’s finding that K.B., T.P., C.W., and R.H. violated the Board’s policy on alcohol use at school or at school-sponsored activities or functions. The juvenile court also found that the punishment imposed for the violation was unreasonable in light of the facts of this case. Because K.B., T.P., and C.W. have already graduated, this dispute is moot as to those three students. Accordingly, we dismiss the appeal as to K.B., T.P., and C.W., and, in this opinion, we shall discuss the issues only as they pertain to R.H.
 

 Documentary evidence included in the record on appeal tends to show the following. On March 21, 2010, Excel High School (“the school”) held its prom. Faculty members at the school smelled alcohol among students in the prom “line up,” and several students, including R.H., were asked whether they had been drinking. An assistant principal administered Breathalyzer tests to R.H., who was a junior at the school at the time. The test results measured blood-alcohol levels of .001 and .006. The Board has never disputed that R.H. did not have alcohol in his possession at the prom.
 

 On March 23, 2010, Kevin York, the principal of the school, suspended R.H. for five days for being under the influence of alcohol at the prom. On March 26, 2010, the Administrative Discipline Committee of the Board held what it called a “fact-finding” hearing. R.H. and his attorney were present at the hearing. On March 29, 2010, the Board notified R.H.’s mother of its findings by letter. In the letter, the Board stated that there was no evidence indicating that R.H. was in possession of alcohol at the prom and that he “was not under the influence of alcohol to the extent that he would have been guilty of the criminal offenses of driving under the influence, or public intoxication.” The Board went on to find, however, that R.H. had consumed alcohol on the day of the prom “in anticipation of attending the Prom, and by doing so [R.H.] used alcohol at a school function, in violation of the Board’s alcohol policy.” The school’s handbook for the 2009-2010 school year included the Board’s alcohol policy, which provided that “no student shall carry, possess, or use drugs, drug paraphernalia, or alcohol” at a school function.
 

 Based upon its findings, the Board upheld the suspension. In addition, the Board assigned R.H. to the C.P. Carmichael Alternative School for one year, subject to a review at the end of a semester or the equivalent of a semester, i.e., three six-week periods.
 

 R.H. appealed the Board’s decision to the juvenile court. On April 8, 2010, the juvenile court held a hearing. The parties stipulated to the evidence; however, the specific stipulations are not included in the record on appeal. Upon consideration of the evidence and arguments of the parties’ attorneys, the juvenile court entered a judgment finding that the word “use” as set out in the Board’s policy “means to ingest alcohol while on school property or at any other school function.” Because there was no evidence indicating that R.H. “used” alcohol on school property or at a school function, the juvenile court ruled that he did not violate the Board’s policy and ordered him reinstated in the school immediately. The juvenile court further found that the Board’s alcohol policy was silent on the issue of punishment for viola
 
 *516
 
 tions of the prohibition of using alcohol at school or at school functions, and it held that the punishment that the Board had imposed on R.H. in this instance was unreasonable in light of the facts. The Board appeals.
 

 In
 
 Ex parte Board of School Commissioners of Mobile County,
 
 824 So.2d 759, 761 (Ala.2001), our supreme court set forth the standard of review applicable in appeals of decisions from local boards of education as follows.
 

 “A board of education must comply with the policies it adopts.
 
 Belcher v. Jefferson County Bd. of Educ.,
 
 474 So.2d 1068, 1068 (Ala.1985). ‘This court and the trial court must give substantial deference to an agency’s interpretation of its rules and regulations.
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 863 (Ala.Civ.App.1985).’
 
 Mobile County Pers. Bd. v. Tillman,
 
 751 So.2d 517, 518 (Ala.Civ.App.1999). ‘It is well settled that “an agency’s interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.”
 
 Ferlisi v. Alabama Medicaid Agency,
 
 481 So.2d 400, 408 (Ala.Civ.App.1985).’
 
 State Pers. Bd. v. Wallace,
 
 682 So.2d 1857, 1359 (Ala.Civ.App.1996). An agency’s interpretation of its own policy is controlling unless it is plainly erroneous.
 
 Brunson Constr. & Envtl. Servs., Inc. v. City of Prichard,
 
 664 So.2d 885, 890 (Ala.1995). See also
 
 Peacock v. Houston County Bd. of Educ.,
 
 653 So.2d 308, 309 (Ala.Civ.App.1994).”
 

 Trumping that deferential standard, however, is the constitutional requirement of due process. “[W]hen the basic constitutional rights of students are at issue, this court cannot avoid considering these constitutional rights when they are infringed by board action. The authority vested in school boards and officials to maintain order and discipline in school must be exercised within constitutional bounds.”
 
 Dothan City Bd. of Educ. v. V.M.H.,
 
 660 So.2d 1328, 1330 (Ala.Civ.App.1995).
 

 Due process of law requires fair notice that one’s conduct is subject to a law or regulation. Courts have found that the right to due process is violated “ ‘when a statute or regulation is unduly vague, unreasonable, or overbroad.’”
 
 Brooks v. Alabama State Bar,
 
 574 So.2d 33, 34 (Ala.1990) (quoting
 
 Ross Neely Express, Inc. v. Alabama Dep’t of Envtl. Mgmt.,
 
 437 So.2d 82, 84 (Ala.1983)). Thus, rules and regulations governing the conduct of students “must be sufficiently definite to provide notice to reasonable students that they must conform their conduct to its requirements.” 67B Am.Jur.2d
 
 Schools
 
 § 285 (2010) and cases cited therein.
 

 In
 
 Dothan City Board of Education,
 
 this court affirmed the trial court’s judgment holding that a provision in a school’s Code of Student Conduct forbidding the possession “ ‘of any item which may be conceivably used as a weapon’ ” was unconstitutionally vague, overbroad, and ambiguous. 660 So.2d at 1328. This court determined that the provision did “not give proper notice about what conduct could be an offense, and, therefore, it [was] vague on its face.”
 
 Id.
 
 at 1329.
 

 The student involved in
 
 Dothan City Board of Education
 
 had left a Daisy Power Line 990 rifle, an air gun, in his automobile while the automobile was parked on school grounds. The rifle was unloaded, and a police officer testified that, without ammunition, the rifle could not have been fired. We held that the police officer’s testimony “at least poses the question whether the student should have known that his possession of [the rifle] would trigger the penalties provided by the Code [of Student Conduct].”
 
 Id.
 
 Thus, we found that the provision at issue was am
 
 *517
 
 biguous and vague and, therefore, failed constitutional muster.
 
 Id.
 

 In this case, the provision of the student handbook at issue provided that “no student shall carry, possess, or use drugs, drug paraphernalia, or alcohol” at a school function. The Board interpreted its policy to include a student who has used alcohol shortly before attending school or a school-sponsored function or who is under the influence of alcohol while at school or at a school-sponsored function. In its judgment, however, the juvenile court determined that “use of alcohol” means actually ingesting alcohol at school or a school-sponsored function.
 
 [1]
 

 As mentioned, the evidence was undisputed that R.H. was not in possession of alcohol at the prom; there is no evidence indicating that he drank alcohol while at the prom, and in its findings of fact the Board specifically stated that R.H. “was not under the influence of alcohol to the extent that he would have been guilty of the criminal offenses of driving under the influence, or public intoxication.” We note that, in the past, the Board had a policy in place that specifically prohibited being under the influence of alcohol while at school or at a school function, but similar language was not included in the policy in place at the time of the events made the basis of this action. We believe that, like the provision in
 
 Dothan City Board of Education,
 
 the provision at issue here poses the question whether R.H. should have known that drinking alcohol before arriving at the prom constituted “use” of alcohol at a school function, which would trigger disciplinary measures, including suspension and placement in an alternative school. Therefore, we conclude that the policy at issue was unconstitutionally ambiguous and vague.
 

 Because we hold that R.H. was not afforded due process, the juvenile court’s judgment ordering that he be reinstated at the school is due to be affirmed. Because we find that the provision under which R.H. was penalized was unconstitutional, we pretermit discussion of the appropriateness of the discipline imposed in this case.
 

 The judgment of the juvenile court is due to be affirmed as to R.H. The appeal is dismissed as to K.B., T.P., and C.W.
 

 AFFIRMED IN PART; APPEAL DISMISSED IN PART.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . R.H. argues that this court must accept the juvenile court’s definition of "use” because the record on appeal does not include the evidence the juvenile court considered in making its finding. Therefore, R.H. says, pursuant to
 
 Red Mountain Construction Co. v. Neely,
 
 627 So.2d 931 (Ala.Civ.App.1992), this court must presume that there was sufficient evidence to support that finding. However, the question at issue, i.e., whether the Board’s interpretation of its own policy was clearly erroneous, is a question of law, not a question of fact. Therefore, the presumption set forth in
 
 Neely
 
 does not apply. The applicable standard is the standard set forth in
 
 Ex parte Board of School Commissioners of Mobile County,
 
 824 So.2d 759, 761 (Ala.2001), which was quoted earlier in this opinion.