BRYAN, Judge.[1]
The Huntsville City Board of Education (“the Board”) appeals from a hearing officer’s decision reversing the Board’s decision to terminate the employment of Darrell McLemore. McLemore cross-appeals. We affirm the hearing officer’s decision, and we dismiss the cross-appeal as moot.
McLemore began working for the Board in 1995 in the position of “custodian II.” In 2006, McLemore left his custodian position and became a refrigeration/AC helper for the Board. The Board has a reduction-in-force policy (“the RIF policy”) that establishes standards regarding reductions in force in the Huntsville school system. In 2011, the Board, citing dire financial circumstances, adopted a reduction-in-force plan (“the RIF plan”) made pursuant to the RIF policy. In May 2011, the Board terminated MeLemore’s employment pursuant to the RIF plan. McLemore timely asserted a provision in the RIF policy allowing employees affected by a reduction in force to “retreat to a previously held lower position” that is vacant. McLemore applied for and was interviewed for two custodian II positions, a position that he previously had held with the Board. However, the Board did not select McLemore for either of those jobs.
McLemore contested the termination of his employment, pursuant to former § 36-26-103(b), Ala.Code 1975, a part of the former Fair Dismissal Act (“the FDA”).[2] A hearing officer was selected to conduct a de novo hearing, pursuant to former § 36-26-104(a), Ala.Code 1975. Following the hearing, the hearing officer issued a decision reversing the Board’s decision to dismiss McLemore. In its decision, the hearing officer determined that the Board had stated a legitimate ground for dismissing McLemore. However, the hearing officer also determined that the Board had failed to follow the right-to-retreat provision of the RIF policy with respect to McLemore. The Board filed a notice of appeal to this court, and we granted the appeal, pursuant to former § 36-26-104(b).

Standard of Review

Former § 36-26-104(b) provided the standard of review in an appeal from a hearing officer’s decision under the FDA. In pertinent part, former § 36-26-104(b) provided that “[t]he decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article.” However, our review of a hearing officer’s conclusions of law or application of the law to the facts is *57 de novo. Ex parte Soleyn, 33 So.3d 584, 587 (Ala.2009).
The arbitrary-and-eapricious standard of review is “extremely deferential” to the hearing officer’s decision. Ex parte Dunn, 962 So.2d 814, 816 (Ala.2007). Pursuant to the that standard of review,
“the reviewing court may not substitute its judgment for that of the hearing officer.... [Wjhere ‘reasonable people could differ as to the wisdom of a hearing officer’s decision!,] ... the decision is not arbitrary.’ ...
“ ‘If the decision-maker has “ ‘examined the relevant data and articulated a satisfactory explanation for its action, including a “rational connection between the facts found and the choice made,” ’ ” its decision is not arbitrary. See Alabama Dep’t of Human Res. v. Dye, 921 So.2d [421, 426 (Ala.Civ.App.2005)] (quoting Prometheus Radio Project v. FCC, 373 F.3d [372, 389 (3d Cir.2004) ] (quoting in turn Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962))).’ ”
Ex parte Dunn, 962 So.2d at 816-17 (quoting with approval, but reversing on other grounds, Board of Sch. Comm’rs of Mobile Cnty. v. Dunn, 962 So.2d 805, 809, 810 (Ala.Civ.App.2006)). “[I]t is the hearing officer’s responsibility to weigh the evidence, and this Court may not substitute its judgment for that of the hearing officer.” Id. at 824.

Discussion

Former § 36-26-102 provided that nonprobationary employees of the Board, like McLemore, may be dismissed for a “justifiable decrease in jobs in the system,” among other things. The hearing officer found that there was a justifiable decrease in jobs in the Huntsville school system and, thus, that the Board had a proper ground for dismissing McLemore. The parties do not dispute that determination. Rather, the primary dispute in this case concerns the right-to-retreat provision of the RIF policy, which the Board implemented to govern certain decreases in the system. In reversing McLemore’s dismissal, the hearing officer determined that the Board did not follow this provision in dismissing McLemore pursuant to the RIF plan. The Board argues that the hearing officer erred in this determination.
We first address the Board’s argument that the issue whether it violated the right-to-retreat provision was not properly before the hearing officer. Citing Board of School Commissioners of Mobile County v. Christopher, 97 So.3d 163 (Ala.Civ.App.2012), the Board argues that the hearing officer’s threshold determination that the Board dismissed McLemore due to a justifiable decrease in jobs mandated an affir-mance of the Board’s decision. In Christopher, a hearing officer reviewed a school board’s dismissal of an employee. The hearing officer found that there was a justifiable decrease in jobs, but he reinstated the employee’s employment, citing her excellent work history, the board’s failure to use certain federal funds acquired after the dismissal to rehire her, and the hearing officer’s finding that rehiring her would not significantly affect the board’s cost savings. 97 So.3d at 173. This court reversed the hearing officer’s decision, stating that “[w]e cannot agree with the hearing officer’s determination that former § 36-26-104(a) authorized him to determine, in the absence of allegations of improper motive, whether the termination of a particular employee’s employment was justifiable under a RIF policy.” 97 So.3d at 173-74. This court also generally observed that “once the determination that [the employee’s] employment was properly terminated due to a justifiable decrease in *58 jobs within the system was made, the hearing officer had no authority to second-guess the termination decision of the Board.” 97 So.3d at 176.
However, this case concerns an issue that Christopher did not address, ie., whether the Board properly followed the RIF policy in dismissing McLemore. In Mobile County Board of School Commissioners v. Long, 46 So.3d 6, 10 (Ala.Civ.App.2010), this court addressed whether such an issue is reviewable by a hearing officer under the FDA:
“The Board seems to argue ... that the issue whether the Board complied with the RIF policy and the RIF protocol is not relevant to the issue whether [the employee] was dismissed due to a justifiable decrease in jobs in the system. The superintendent’s letter stated that the dismissal was ‘taken under the [RIF] policy.’ The Board adopted the RIF policy and the RIF protocol to implement any necessary decrease in jobs in the school system. Having done so, the Board may not now claim that the RIF policy and the RIF protocol are irrelevant to a hearing officer’s evaluation of whether an employee was properly dismissed for a ‘justifiable decrease in jobs in the system’ under [former] § 36-26-102. Therefore, the hearing officer properly considered whether the Board complied with its RIF policy and the RIF protocol in dismissing [the employee].”
Thus, whether the Board complied with the right-to-retreat provision of the RIF policy was an issue properly considered by the hearing officer.
The right-to-retreat provision provides:
“Employees who are affected by a [reduction in force] will also have the right to retreat to a previously held lower position, where a vacancy exists, based on seniority in the system providing that the employee possesses all the qualifications and/or certifications for the position to which retreat is sought at the time the action is requested. Written notice of intent to exercise this right should be given to the Superintendent within five working days after notification of layoff was received by certified mail or hand delivery requesting the recipient’s signature.”
As noted, McLemore was a custodian with the Board before becoming a refrigeration/AC helper. After the superintendent notified McLemore that he was recommending McLemore’s dismissal, McLe-more timely asserted his right to retreat under the RIF policy. McLemore then applied for two custodian positions that the Board had posted as being vacant. McLe-more interviewed for the jobs but was not hired. There is no evidence in the record on appeal regarding whom the Board hired. There appears to be no dispute regarding McLemore’s qualifications as a custodian or that he followed the proper procedure in invoking his right to retreat. Rather, the dispute centers on whether there was a “vacancy” under the right-to-retreat provision and evidence concerning seniority among the applicants for the custodian jobs.
The Board argues that the right-to-retreat provision does not apply in this case because, the Board says, there was no vacancy for the custodian positions for which McLemore applied. Black’s Law Dictionary defines “vacancy” as “[a]n unoccupied office [or] post.” Black’s Law Dictionary 1688 (9th ed.2009). The Board attempts to characterize whether there was a vacancy as an issue of law, arguing that the Board’s definition of what constitutes a “vacancy” is due deference by the hearing officer. See, e.g., Ex parte Board of Sch. Comm’rs of Mobile *59 Cnty., 824 So.2d 759, 761 (Ala.2001) (stating that deference must be afforded to a school board’s interpretation of its own policy if that interpretation is reasonable). However, we view this issue as a factual issue, and we note that the hearing officer’s factual findings will not be disturbed on appeal unless they are arbitrary or capricious. As we will explain below, the hearing officer did not act arbitrarily or capriciously in finding that there was a custodial vacancy, ie., an unoccupied position, to which McLemore sought to retreat.
The Board emphasizes the following evidence. Belinda Williams, the Board’s director of human resources, testified that the custodian positions for which job vacancies had been posted and for which McLemore had applied were filled by other custodians in the school system. Williams explained that sometimes a custodian will “transfer” from one school that has too many custodians to another school that has too few custodians. Williams testified that, when such a maneuver is anticipated, the Board will post a vacancy notice despite the fact that only a “transfer” is planned. The Board states that a vacancy notice is posted in such situations, out of an abundance of caution, in order to ensure compliance with § 16 — 22—15(b), Ala. Code 1975, which requires a board of education to “post a notice of vacancy for each vacant personnel position.” Thus, Williams testified that the Board did not “hire” any new custodians; rather, she said, the Board “transferred” custodians from one school to another. Thus, the Board argues that there was not really a “vacancy” for the custodian positions that would trigger the right-to-retreat provision. However, the hearing officer found that there were vacancies for the custodian positions for which McLemore applied. The record contains evidence supporting the hearing officer’s finding. The Board posted a vacancy notice for the custodian positions and actually interviewed MeLe-more for the positions. Although the Board claims to have posted vacancy notices for the positions out of an abundance of caution in order to ensure compliance with § 16-22-15(b), that statute simply requires the Board to “post a notice of vacancy for each vacant personnel position.” (Emphasis added.) Williams testified that, when a position is being filled by an internal transfer, the Board does not have to interview; however, McLemore was interviewed for the custodian positions that the Board says were filled by internal transfers.
John Brown, the Board’s director of facilities, construction, maintenance, transportation, and safety, testified that a vacancy notice would not be posted if a custodian is transferring from one school to another school. According to Brown, when a custodian seeks to transfer in this manner, the custodian simply completes a form to make the transfer. Brown further testified that a “vacancy” caused by a retirement, a resignation, or a promotion would trigger the posting of a vacancy notice. The hearing officer found Brown’s testimony credible and noted that Brown had testified “that there were several retirements in the department [that] created vacancies.” The hearing officer further found that the custodian positions for which McLemore applied probably became available through retirement or resignation.
Based on the foregoing evidence, the hearing officer did not act arbitrarily or capriciously in determining that there was a “vacancy” for custodian positions as that term is used in the right-to-retreat provision. The hearing officer reasonably found that McLemore asserted his right to retreat to his previously held position but *60 that the job vacancies were filled by other custodians already in the system.
The record does not indicate which custodians filled the two vacant custodian positions for which McLemore applied. The hearing officer found this lack of evidence to be problematic because, in her view, McLemore would not have the right to retreat if the two custodians who filled the vacant positions had more seniority in the system than McLemore did. However, the hearing officer drew an adverse inference that the evidence regarding the two custodians, particularly regarding their relative seniority, would not have demonstrated that McLemore’s right to retreat had been defeated. However, we conclude that the hearing officer did not need to draw an adverse inference that the two custodians had less seniority than McLe-more. The right-to-retreat provision provides that “[ejmployees who are affected by a [reduction in force] will also have the right to retreat to a previously held lower position, where a vacancy exists, based on seniority in the system.” We read the phrase “based on seniority in the system” as affecting McLemore only if he were competing with other employees subject to the RIF plan who were attempting to retreat to the same vacant, previously held position that he is seeking. This interpretation is consistent with the remainder of the RIF policy, which uses seniority to determine which employees subject to a reduction in force will be dismissed first and which of the dismissed employees will be recalled first if there is a recall. We do not read the seniority provision as governing the situation here,- where an employee subject to a reduction in force seeks to retreat to a vacant job and employees in the system seek the same job to, as the Board calls it, achieve only a “lateral move.” In such a situation, the right-to-retreat provision protects the employee subject to the reduction in force by allowing that employee to retreat to a vacant, previously held lower position. We note that the record does not indicate whether the two custodians who filled the positions were subject to the RIF plan. However, because the two custodians were already custodians to begin with, the right to retreat provision would not have applied to them because they would not have been retreating to a “previously held lower position.” Thus, because the seniority of the two custodians is irrelevant, we do not address the parties’ arguments concerning whether the hearing officer erred by making an adverse inference as to the evidence on that issue.
The hearing officer did not act arbitrarily or capriciously in determining that the Board failed to follow the right-to-retreat provision of the RIF policy. Therefore, we affirm the hearing officer’s decision reversing the Board’s decision to dismiss McLemore. In the event that this court were to reverse the hearing officer’s decision, McLemore filed a conditional cross-appeal challenging the hearing officer’s determination that the notice of termination was sufficient. However, because we affirm the hearing officer’s decision, the condition on which the cross-appeal is based has not occurred. Therefore, we dismiss the cross-appeal as moot. See Williams v. Lide, 628 So.2d 531, 538 (Ala.1993).
APPEAL — AFFIRMED.
CROSS-APPEAL — DISMISSED AS MOOT.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. This case was assigned to Judge Bryan on November 5, 2012.

. The Students First Act, § 16-24C-1 et seq., Ala.Code 1975, which became effective on July 1, 2011, repealed and replaced the FDA. Because the Students First Act does not apply retroactively, we apply the FDA in the present case. See Board of Sch. Comm’rs of Mobile Cnty. v. Christopher, 97 So.3d 163, 171 (Ala.Civ.App.2012).