DONALDSON, Judge.
E.E. ("the student") initiated proceedings in the Limestone Juvenile Court ("the juvenile court") against the Limestone County Board of Education ("the Board") by filing a petition seeking judicial review of the decision of the Board to take disciplinary action against the student. In addition, the student asserted claims seeking injunctive relief against the Board. The Board filed a motion to dismiss the proceedings based on its claim of immunity as a state agency. The juvenile court entered an order denying the motion, and the Board has filed a petition for a writ of mandamus directing the juvenile court to vacate that order and to enter an order granting the motion. We grant the Board's petition insofar as it seeks the dismissal of the claims seeking injunctive relief, but we deny the petition insofar as it seeks to dismiss the student's petition seeking the juvenile court's judicial review of the Board's decision.
Background
In its petition for the writ of mandamus, the Board asserts the following facts, which have not been disputed by the student. The student had been attending a high school located within a geographic district assigned by the Board. On October 31, 2017, the student and another student made a telephone call to an elementary school. The call resulted in the evacuation of the students in the elementary school. After a number of proceedings, the Board imposed disciplinary action against the student that required the student to attend an alternative school for the remainder of the school year and, if she met certain conditions, permitted her to return to the high school within her district the following school year.
On January 3, 2018, the student initiated the proceedings in the juvenile court, asserting that the juvenile court had original jurisdiction of the proceedings pursuant to § 12-15-115, Ala. Code 1975. Among other allegations, the student alleged that the Board had inappropriately infringed on her right to attend the public school of her district. As relief, the student sought judicial review of the Board's disciplinary decision as well as an order requiring the Board to permit her to return to her regular school pending the outcome of the proceedings and on a permanent basis.
On January 18, 2018, the Board filed a motion to dismiss the proceedings on the ground that the Board is entitled to immunity pursuant to Article I, § 14, of the Alabama Constitution of 1901. On February 19, 2018, the juvenile court entered an order denying the motion to dismiss. On March 1, 2018, the Board filed the present petition for a writ of mandamus challenging the denial of its motion to dismiss. We *279 asked for a response from the student to be filed by March 15, 2018.
On Friday, March 2, 2018, after the Board filed the present petition, the student filed in the juvenile court a "Motion for Ruling on Temporary Relief Sought By Appellant," requesting an "immediate" return to her regular school pending the outcome of the proceedings. Later that same day, the juvenile court entered an order granting the student's motion and ordering that she be permitted to return to her high school the following Monday morning (March 5, 2018), without awaiting a response from the Board or providing a hearing on the matter. On the evening of Friday, March 2, 2018, the Board electronically filed in this court a motion seeking to stay the juvenile court's March 2, 2018, order or, alternatively, a petition for a writ of mandamus challenging that order. On March 6, 2018, we entered an order denying the motion to stay, citing Rule 8(b), Ala. R. App. P., and notified the parties that this court would treat the March 2, 2018, filing as an additional petition for a writ of mandamus, which was assigned case number 2170533. We asked for responses to be filed to the petition in case number 2170533 by March 9. The student did not file a response. On March 14, 2018, this court entered an order granting the Board's March 2, 2018, petition for a writ of mandamus and directing the juvenile court to vacate its March 2, 2018, order, citing Rule 65(b), Ala. R. Civ. P., Ex parte Hurst, 914 So.2d 840, 842 (Ala. 2005), and Ex parte Hutson, 201 So.3d 570, 573 (Ala. Civ. App. 2016). Ex parte Limestone Cty. Bd. of Educ., 265 So. 3d 276 (Ala. Civ. App. 2018) (table).
In our March 14, 2018, order, we noted that the present petition for a writ of mandamus and the issue of immunity remained pending. The student did not file a response to the present petition. This court has jurisdiction over the present petition pursuant to § 12-3-11, Ala. Code 1975.[1]
Standard of Review
"[A] petition for a writ of mandamus is an appropriate means for seeking review of an order denying a claim of immunity." Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000).
" 'A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' "
Ex parte Jackson Cty. Bd. of Educ., 4 So.3d 1099, 1101-02 (Ala. 2008) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) ).
Discussion
The Board contends that it is entitled to a dismissal of the student's petition because, it asserts, it is immune from suit and the juvenile court lacked subject-matter jurisdiction over the proceedings. Because the student did not file any response providing contrary assertions or arguments, we must consider the Board's uncontroverted assertions of fact as true. See Ex parte Turner, 840 So.2d 132, 135 (Ala. 2002) (considering averments of fact in petition for a writ of mandamus as true in the absence of respondent's answer and brief).
*280 "Section 14, Ala. Const. 1901, provides: '[T]he State of Alabama shall never be made a defendant in any court of law or equity.' (Emphasis added.) 'The wall of immunity erected by § 14 is nearly impregnable.' Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep't of Human Res., 999 So.2d 891, 895 (Ala. 2008) (' Section 14 affords absolute immunity to both the State and State agencies.'); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala. 2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala. 2007) (same); [ Ex parte Alabama Dep't of Transp., 978 So.2d 17 (Ala. 2007) ] (same); Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala. 2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala. 1992) (same). 'Absolute immunity' means just that-the State and its agencies are not subject to suit under any theory.
" 'This immunity may not be waived.' Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a 'jurisdictional bar.' Ex parte Alabama Dep't of Transp., 985 So.2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14 simply 'preclud[es] a court from exercising subject-matter jurisdiction' over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala. 2008).... Any action taken by a court without subject-matter jurisdiction-other than dismissing the action-is void. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999)."
Alabama Dep't of Corr. v. Montgomery Cty. Comm'n, 11 So.3d 189, 191-92 (Ala. 2008).
"For purposes of § 14 immunity, county boards of education are considered agencies of the State. Louviere v. Mobile County Bd. of Educ., 670 So.2d 873, 877 (Ala. 1995) ('County boards of education, as local agencies of the State, enjoy [ § 14 ] immunity.'). Thus, this Court has held that county boards of education are immune from tort actions. See Brown v. Covington County Bd. of Educ., 524 So.2d 623, 625 (Ala. 1988) ; Hutt v. Etowah County Bd. of Educ., 454 So.2d 973, 974 (Ala. 1984)."
Ex parte Jackson County Bd. of Educ., 4 So.3d at 1102-03 ; see Colbert Cty. Bd. of Educ. v. James, 83 So.3d 473, 479 (Ala. 2011) (holding Colbert County Board of Education immune from state-law claims, including those that sought injunctive relief).
In its mandamus petition, the Board asserts that it is the only defendant named in the proceedings in the juvenile court. As a county board of education, the Board has immunity under Ala. Const. 1901, Art. I, § 14, against the student's claims seeking injunctive relief.[2] We therefore conclude that the Board is entitled to the dismissal of those claims because the juvenile court lacks subject-matter jurisdiction over them.
The student, however, also sought as relief judicial review of the Board's disciplinary decision. In the filing initiating the underlying proceedings, the student provided legal authority for the juvenile court's jurisdiction by citing *281 § 12-15-115, Ala. Code 1975, which states, in relevant part:
"(b) A juvenile court also shall have original jurisdiction in proceedings concerning any child in either of the following instances:
"....
"(2) Where it is alleged that the rights of a child are improperly denied or infringed in proceedings resulting in suspension, expulsion, or exclusion from a public school."
The student alleged that the Board had inappropriately infringed on her right to attend the public school of her district by placing her in an alternative school. Cf. C.L.S. by & through S.S.C. v. Hoover Bd. of Educ., 594 So.2d 138, 139 (Ala. Civ. App. 1991) ("[A] child's right to education may be improperly infringed upon when a school board takes disciplinary action that is unreasonable or arbitrary."). Based on the materials before us and § 12-15-115(b)(2), we cannot say that the Board is entitled to mandamus relief dismissing the student's petition insofar as the student sought judicial review of the Board's decision. See Dothan City Bd. of Educ. v. V.M.H., 660 So.2d 1328, 1330 (Ala. Civ. App. 1995) (holding that juvenile court had original jurisdiction in judicial-review proceeding regarding the Dothan City Board of Education's suspension and placement of a student in an alternative school). We note that this court has reviewed the judgments of juvenile courts that provided judicial review of a board of education's disciplinary decision. See, e.g., Monroe Cty. Bd. of Educ. v. K.B., 62 So.3d 513 (Ala. Civ. App. 2010) (holding county board of education's policy unconstitutionally ambiguous and vague).
The Board argues that, notwithstanding § 12-15-115, its immunity as a state agency bars the underlying proceedings in their entirety. As discussed, we agree that the Board has absolute immunity from civil liability. See Ex parte Jackson Cty. Bd. of Educ., supra, 4 So.3d 1099 ; Alabama State Docks v. Saxon, 631 So.2d 943, 948 (Ala. 1994) ("[Alabama] State Docks has been held to be a state agency and absolutely protected from civil liability under § 14's umbrella of sovereign immunity."); Black's Law Dictionary 867 (10th ed. 2014) (defining "absolute immunity" as "[a] complete exemption from civil liability ...."). Accordingly, a court that renders a judgment finding liability on the part of the Board would violate Ala. Const. 1901, Art. I, § 14. See John E. Ballenger Constr. Co. v. State Bd. of Adjustment, 234 Ala. 377, 380, 175 So. 387, 389 (1937) ("If it be conceived that the act attempted to create any sort of agency or court with the power to render judgment which would fix a liability against the state, it would violate section 14, Constitution.").
However, the student sought judicial review of the Board's decision separately from her claims seeking injunctive relief. The student's seeking judicial review does not include any possibility of imposing liability on the Board. Alabama Const. 1901, Art. I, § 14, entitles the Board to immunity only when it is named as "a defendant in any court of law or equity." Excluding the claims seeking injunctive relief, the Board is not a defendant in a suit seeking monetary damages or an equitable remedy. Therefore, § 14 does not bar the student's petition insofar as it seeks judicial review of the Board's decision. See State v. Bibby, 47 Ala. App. 240, 243, 252 So.2d 662, 664 (Crim. App. 1971) (holding that § 14 did not bar proceedings regarding the writ of error coram nobis because the State was not a defendant, no money or property was at stake, and "§ 14 of the Constitution does not inhibit the trial courts from reexamining questions of the *282 fact which led to the original judgment of conviction").
The sole issue before this court is whether the Board is entitled to the writ of mandamus directing the juvenile court to dismiss the underlying proceedings in their entirety based on Ala. Const. 1901, Art. I, § 14. We are not called upon to discuss the procedure by which the student seeks judicial review separately from the claims seeking injunctive relief. We, therefore, are not compelled to discuss the extent of a juvenile court's jurisdiction pursuant to § 12-15-115, the requirements for seeking judicial review of a board of education's disciplinary decision, or all the types of relief that can be granted by the juvenile court. From the materials submitted, we cannot conclude that the juvenile court lacks subject-matter jurisdiction over the student's petition insofar as it seeks judicial review of the Board's decision.
Conclusion
Based on the foregoing, we grant the Board's petition in part and issue a writ of mandamus directing the juvenile court to dismiss the student's claims seeking injunctive relief. We deny the Board's petition insofar as it sought the dismissal of any judicial review by the juvenile court of the Board's disciplinary ruling.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., concurs.
Pittman, Thomas, and Moore, JJ., concur in the result, without writings.

Section 12-3-11 provides that "[e]ach of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction."

We express no opinion as to whether the juvenile court had the authority to grant the injunctive relief requested if immunity did not apply to those claims.